IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2005 AUG 12  P 3:08
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES OF AMERICA,

    Plaintiff

v.

THE MEGUNTICOOK FUND, L.P.

    Defendant

Civ. Action No. 05-mc-44

05 - 11677 DPW

**DOCKETED**

## CONSENT JUDGMENT AND ORDER

Before this Court is the Complaint by the United States of America, on behalf of the United States Small Business Administration ("SBA"), for a preliminary and permanent injunction, and the appointment of the SBA as permanent, liquidating receiver for The Megunticook Fund, L.P. The Court, being fully advised in the merits, and based upon the consent of the parties, believes this relief should be granted:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. Pursuant to the provisions 15 U.S.C. §687c, this Court hereby takes exclusive jurisdiction of Megunticook Fund L.P. (hereinafter "the Fund") and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver ("the Receiver") of the Fund to serve without bond until further order of this Court. The Receiver is appointed for the purpose of marshaling and liquidating all of the Fund's assets and satisfying the claims of creditors in the order of priority as determined by this Court. The Receiver is also authorized to sell or transfer the interest of SBA and/or other limited partners in the



2

Fund, provided the Receiver has obtained the express written consent of the parties whose interest is to be sold or transferred.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the General Partner of the Fund, Managing Director, Managing Members, Managers, Investment Advisors, and Officers of the Fund under applicable state and federal law and under the Limited Partnership Agreement of the Fund in addition to all powers and authority of a receiver at equity, and all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys and other agents of the Fund are hereby dismissed and the powers of any general partners are hereby suspended. Such persons and entities shall have no authority with respect to the Fund's operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of the Fund and shall pursue and preserve all of its claims.

3. The Receiver is entitled to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to the Fund. The past and/or present general partners, managing directors, managing members, managers, officers, agents, limited partners, trustees, attorneys, accountants, and employees of the Fund, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of and relating to the Fund and all of the Fund's assets and all other assets and property of the limited partnership, whether real or personal. The General Partner of the Fund, or its authorized

2



representative, shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of the Fund, a list of all employees (and job titles thereof), other personnel, attorneys, accountants and any other agents or contractors of the Fund, as well as the names, addresses and amounts of claims of all known creditors of the Fund. Within thirty (30) days following the entry of this Order, the General Partner of the Fund, or its authorized representative, shall also furnish a written report describing all assets of the Fund. All persons and entities having control, custody or possession of any assets or property of the Fund are hereby directed to turn such assets and property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers and general and limited partners of the Fund as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligation, debt, or distribution with respect to a partnership interest to the Fund shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if the Fund had received such payments.

5. The Receiver is hereby authorized to open such Receiver's bank accounts, at banking or other financial institutions, to extend credit on behalf of the Fund, to utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, consultants and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the



Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel). The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset in the ordinary course of business, other than real estate. The Receiver may also without further order of this Court sell or transfer the interest of SBA and other limited partners in the Fund, provided the Receiver has obtained the express written consent of the parties whose interest is to be sold or transferred.

6. The Fund's past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers, general and limited partners and other appropriate persons or entities (including without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath to the Receiver all questions which the Receiver may put to them and shall produce any documents as required by the Receiver regarding the business of said limited partnership or any other matter relevant to the operation or administration of the receivership or the collection of funds due to the Fund. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make its discovery request(s) in accordance with the Federal Rules of

4



Civil Procedure.

7. The parties, or prospective parties, to any and all civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving the Fund or any assets of the Fund (including subsidiaries and partnerships, wherever located, and excluding the instant proceeding), the Receiver, or any of the Fund's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity, whether sued as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are enjoined from commencing or continuing any such legal proceeding or from taking any action in connection with any such proceeding or any such asset.

8. All civil legal proceedings of any nature, including but not limited to bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other action of any nature involving the Fund or any assets of the Fund, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, involving the Fund, the Receiver, or any of the Fund's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having had jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

9. The Fund and its past and/or present directors, officers, managers, general or limited partners, agents, employees and other persons or entities acting in concert or

5



participating therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and/or property of the Fund to the detriment of the Fund or of the Receiver appointed in this cause, including but not limited to destruction of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. 661 et. seq., or the regulations promulgated thereunder, ("Regulations"), 13 C.F.R. §107.1 et. seq.

10　The Receiver is authorized to borrow on behalf of the Fund, from SBA, up to $1,000,000.00 and is authorized to cause the Fund to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of the Fund, excluding administrative expenses of the Receivership, whether currently existing or hereinafter incurred, including without limitation any claims of general or limited partners of the Fund.

11.　This Court determines and adjudicates that the Fund has violated the Act and the Regulations as alleged in the Complaint filed against the Fund in the instant action, and that SBA is entitled to the relief requested in its complaint.



**AGREED AND CONSENTED TO:**

**THE MEGUNTICOOK FUND, L.P.**

By: Megunticook Partners, LLC

Its General Partner

By: _____
Thomas N. Matlack,
Managing Director

**U.S. SMALL BUSINESS ADMINISTRATION**

By: _____
Thomas G. Morris
Director, Office of Liquidation

**SO ORDERED**

this 22nd day of August, 2005.

_____
UNITED STATES DISTRICT COURT JUDGE